**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| S. Dye,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BNSF RAILWAY COMPANY,<br><br>　　　　　Defendant. | CV-14-150-BLG-CSO<br><br>**ORDER** |

Plaintiff S. Dye ("Dye") brings this action against Defendant

BNSF Railway Company ("BNSF") alleging: (1) Quid Pro Quo Sexual

Harassment; (2) Negligent Supervision; (3) Negligent Infliction of

Emotional Distress; and (4) Defamation. *ECF 4.*

Now pending is BNSF's Motion to Compel Discovery (*ECF 24*).

Having considered the parties' arguments and submissions, the Court

will grant the motion for the reasons set forth below.

## I.　PERTINENT BACKGROUND

BNSF represents that it served its first set of discovery requests

on Dye on March 5, 2015. *ECF 25* at 4.[1]　Request for Production No. 5

---

[1] BNSF did not comply with Local Rule 26.2(b), which requires that "when any motion is filed relating to discovery, the party filing the motion **must attach as exhibits to the motion** all of the

asked Plaintiff to "[p]roduce a copy of all medical records, including psychological and psychiatric records, concerning any treatment you have received for any condition or issue in any way relating to the allegations set forth in your Complaint." *ECF 25-4*. Dye eventually responded with 19 pages of medical records dated between February 18, 2013 and May 17, 2013. *ECF 25-5*. On May 21, June 5, June 16, and June 23, 2015, BNSF requested Dye to supplement her response by producing the entirety of her psychological treatment records. *ECF 25-1*. Although Dye's counsel eventually represented that the records would be forwarded to BNSF "upon receipt" (*ECF 25-1* at 7), Dye has not provided the requested information. *ECF 25* at 3.[2]

## II.   LEGAL STANDARD

A party may move to compel discovery responses when the party disagrees with the objections interposed by the other party or wants to compel more complete answers. If no claim of privilege applies, the production of evidence may be compelled regarding any matter that is "relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1).

---

documents relevant to the motion...." (*Emphasis added.*) Compliance with this rule promotes clarity and efficient review of discovery motions and is appreciated by the Court.
[2] BNSF's motion also argued that Dye should be compelled to produce her time books and journals, but BNSF has withdrawn this portion of its motion. *ECF 29* at 7.

The Court has broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (citation omitted); *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

A party may request the production of documents that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). To be deemed within a party's possession, custody, or control, the party needs actual possession, custody, or control or the party must have the legal right to obtain the documents on demand. *United States v. Int'l Union of Petroleum and Indust. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

The Federal Rules of Civil Procedure and this Court's Local Rules require that objections be stated with specificity and a statement of reasons. *See* Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B) and (C); Local Rule 26.3(a)(2)-(3). Stating a bare objection is not sufficient to preserve the objection. *See Covad Communications Co. v. Revonet, Inc.,* 258 F.R.D. 17, 19 (D. D.C. 2009) (answers to discovery must be "true, explicit, responsive, complete, and candid").

The burden lies on the objecting party to show that a discovery request is improper.  Where a party's objections are themselves vague and impermissibly overbroad, and no specifics are given, the objecting party fails to carry its burden.  *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that the party resisting discovery must show specifically how each discovery request is not relevant or how each question is overly broad, burdensome, or oppressive); *Contratto v. Ethicon, Inc.,* 227 F.R.D. 304, 308-09 (N.D. Cal. 2005) (finding declaration of counsel insufficient to warrant protection of documents).  Even when the required showing is not made, however, the Court still has the obligation to review the discovery requests to ensure that they are non-frivolous requests. *Moreno Rivera v. DHA Global Forwarding,* 272 F.R.D. 50, 57 (D. P.R. 2011).

## III.  ANALYSIS

BNSF argues that Dye's previous treatment records and subsequent treatment records are relevant and discoverable based on her claim for substantial emotional distress damages.  *ECF 25* at 9–10. BNSF argues that Dye placed her psychological state at issue and that

she has not asserted any privilege, so the motion to compel discovery should be granted. *Id.*

Dye's only response to BNSF's motion simply states: "Plaintiff does not have the requested Records, prior to February 18, 2013, in her possession, and is therefore not in a position to make the requested documents available to Defendant for inspection in conformity with Rule 34(b)(2)(B)." *ECF 26* at 2. Dye does not argue that the documents sought are not discoverable.

BNSF replies that Dye has the right and ability to obtain her medical records even if they are not in her immediate physical possession. *ECF 29* at 2. And even if this new objection were valid, BNSF argues, it should be denied because Dye waived the objection by not promptly asserting it in her response to the request for production. *ECF 29* at 3. BNSF notes that it sent Dye's counsel several releases for the records and offered to obtain the records itself and to provide Dye with copies of any and all information received. *ECF 29* at 6. BNSF received no response to this offer. *Id.*

The Court agrees with BNSF that the objection to the request has been waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a

timely objection is waived unless the court, for good cause, excuses the failure.").

The Court also agrees that the records are within Dye's possession and control for the purposes of Federal Rule of Civil Procedure 34(a)(1). Though Dye may not have the records in her physical control, she has the legal right to obtain those records. Dye has "an affirmative duty to seek that information reasonably available[,]" and must make a reasonable inquiry to determine whether the responsive documents exist. *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). And not only could Dye request them, but she could also sign the waivers to allow BNSF to request them. The Court thus concludes that Dye has possession and control of the records and must produce them in response to BNSF's Request for Production No. 5.

## IV.   FEES and EXPENSES INCURRED

Fed. R. Civ. P 37(a)(5) mandates that the Court "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Accordingly, the Court will allow

BNSF to file a motion claiming its reasonable fees and costs incurred in

presenting this motion to compel production.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, IT IS ORDERED that:

(1) BNSF's Motion to Compel (*ECF 24*) is GRANTED, and

(2) On or before September 1, 2015, BNSF may move for the
award of reasonable fees and costs incurred in making the motion.

DATED this 18th day of August, 2015.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge
